UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-22301

JOHN DOE,

     Plaintiff,

v.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINE,

     Defendant.

_____/

## SEAFARER'S EMPLOYMENT DISCRIMINATION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JOHN DOE sues Defendant CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINE ("CARNIVAL") and in support thereof alleges as follows:

### NATURE OF THE CASE

1.     This action is based on CARNIVAL's multiple and ongoing acts of discrimination against one of its cruise ship workers, JOHN DOE — an HIV-positive seafarer who developed heart valve disease during his employment with CARNIVAL and was denied the employment benefits of maintenance and cure due to his HIV status.

2.     The causes of action asserted herein arise under Title I of the Americans with Disabilities Act of 1990, as amended, and the ADA Amendments Act of 2008, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq*. (FMLA), the Florida Civil Rights Act, Florida Statutes §§ 760 *et seq*., the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law of the United States.

## PARTIES

3.      Plaintiff is a citizen of the United States who resides in the state of Washington.

4.      Plaintiff respectfully requests permission to proceed under a pseudonym due to privacy interests that would be infringed upon by having to publicly reveal his name, when Defendant already knows his name.

5.      Plaintiff is an HIV-positive seafarer entitled to protections of the ADA, FMLA and the Florida Civil Rights Act.

6.      Defendant CARNIVAL is a corporation with its principal place of business and headquarters located at Carnival Place, 3655 NW 87th Avenue, Miami, Florida 33178.

7.      At all material times, Plaintiff was employed by CARNIVAL as a seafarer and crewmember aboard the Defendant's Vessels for over 18 years.

8.      At all material times, CARNIVAL owned, operated, managed, maintained and/or controlled a fleet of cruise ships including the *Carnival Magic* and the *Carnival Freedom* (the "Vessels").

9.      The Vessels are registered in Panama—a flag of convenience[1] country—even though CARNIVAL's base of operations is in Miami, not in Panama.

10.     At all material times, CARNIVAL was Plaintiff's Jones Act employer.

11.     At all material times, Plaintiff was acting within the course and scope of his employment as a seafarer aboard CARNIVAL's Vessels.

12.     CARNIVAL is an employer as that term is defined in 29 U.S.C. § 2611(4).

---

[1] A flag of convenience means registry of a ship under a foreign flag in order to profit from less restrictive regulations. "Flag of convenience." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/flag%20of%20convenience Accessed 21 Jun. 2021. "The law of a flag of convenience state is not entitled to the same conclusive effect as that of a 'legitimate' flag state and cannot be used to oust otherwise applicable law." *Banegas v. United Brands Co.*, 663 F.Supp. 198, 204 (D.S.C. 1986).

**JURISDICTION**

13.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves federal questions based upon the ADA, the FMLA, and the Jones Act.

14.    This Court has admiralty and maritime subject matter jurisdiction over Plaintiff's maritime law claims based upon 28 U.S.C. § 1333.

15.    At all material times, Defendant CARNIVAL personally or through an agent:

      a.    Committed one or more of the acts stated in Fla. Stat. §§ 48.081, 48.181 or 48.193;

      b.    Operated, conducted, engaged in or carried on a business venture in this state and/or county;

      c.    Had its office, agency, and its base of operations in this state and county;

      d.    Was engaged in substantial activity within this state;

      e.    Operated cruise ships in the waters of this state;

      f.    Operated its Legal Services Department in this state and county;

      g.    Employed Crew Medical Services and Crew Medical Coordinators in this state and county; and

      h.    Managed Plaintiff JOHN DOE's employment from this state and county.

16.    CARNIVAL is subject to the jurisdiction of the Courts of this state.

**VENUE**

17.    The unlawful and discriminatory employment decisions and practices alleged below occurred in Miami-Dade County, Florida.  Accordingly, venue lies within this District under 28 U.S.C. § 1391(b)(2).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

18.     Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") on March 17, 2020.

19.     CARNIVAL submitted its position statement, and Plaintiff submitted a rebuttal.

20.     The EEOC has not reviewed Plaintiff's discrimination charge yet.

21.     In an abundance of caution, because of the approaching statute of limitations deadline, this claim is being filed at this time.

22.     A copy of the March 10, 2021 e-mail exchange with the EEOC is enclosed as Exhibit 1.

23.     A screenshot of the EEOC web portal showing the status of the charge at the time of this filing is enclosed as Exhibit 2.

**STATEMENT OF THE FACTS**

24.     Plaintiff was hired by Defendant on or about January 30, 2000.

25.     In 2009, while employed as a seafarer aboard one of CARNIVAL's vessels, Plaintiff underwent an emergency heart valve replacement surgery that saved his life.

26.     CARNIVAL's shipboard medical records indicate that Plaintiff was also newly diagnosed with HIV at that time.

27.     CARNIVAL was aware of Plaintiff's HIV status, and his HIV status has been documented on his shipboard medical records and his medical file maintained by CARNIVAL from 2009 to the present.

28.     Maintenance and cure is an ancient legal duty that obligates an employer to provide for a seafarer who becomes ill or injured in the service of the ship. *See Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962).

29.      "Maintenance" includes a living allowance for food and lodging while "cure" refers to

medical treatment.  *Atl. Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 413 (2009).

30.     In 2009, CARNIVAL properly provided maintenance and cure, *i.e.*, living expenses and medical treatment, to Plaintiff until he reached maximum medical improvement ("MMI") for his heart condition.

31.     After Plaintiff's recovery, he was rehired aboard CARNIVAL's ships for the following 9 (nine) years.

32.     Plaintiff continued to monitor his heart valve and HIV while successfully working for CARNIVAL the entire time—as a qualified individual with a disability, protected by the ADA.

33.     Despite his disability, Plaintiff performed his job to satisfaction.

34.     9 (nine) years later, in 2018, while Plaintiff was still working for CARNIVAL, the replacement heart valve had degenerated and needed to be replaced again, with a mechanical valve.

35.     In June 2018, while on board the *Carnival Magic*, Plaintiff's cardiologist recommended that Plaintiff have blood cultures taken and get a transesophageal ultrasound as soon as possible.

36.     The need for medical testing and treatment arose while Plaintiff was in the service of CARNIVAL's Vessel.

37.     Under the ancient maritime doctrine of maintenance and cure, CARNIVAL was required to provide medical care and living expenses to seafarers, like Plaintiff, who become sick or injured during the employment contract—regardless of disability.

38.     The shipowner's duty to pay maintenance and cure is "virtually automatic," regardless of negligence by the seaman or lack of negligence by the shipowner.  *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 536 (9th Cir. 2018); *Baucom v. Sisco Stevedoring, LLC*, 506 F.Supp. 2d 1064, 1073 (S.D. Ala. 2007); *Bertram v. Freeport McMoran, Inc.*, 35 F.3d 1008, 1013 (5th Cir.

1994).

39.     CARNIVAL's shipboard medical doctors diagnosed Plaintiff with acute and subacute infective endocarditis.

40.     Due to Plaintiffs HIV status, he was treated unfairly, and CARNIVAL unlawfully denied Plaintiff's "virtually automatic" maintenance and cure benefits because of his disability.

41.     Rather than provide the urgent medical care for infective endocarditis, CARNIVAL disembarked the Plaintiff and told him to arrange and pay for his own medical procedures—in derogation of his medical needs and rights as a seafarer.

42.     On or about June 30, 2018, CARNIVAL disembarked Plaintiff and arbitrarily designated his status as "'MSO [medical sign off] not covered' because the new murmur started while on vacation."

43.     Plaintiff was disembarked under the pretext that the heart murmur was "new."

44.     CARNIVAL's decision to "not cover" Plaintiff's maintenance and cure was solely related to his HIV status.

45.     CARNIVAL has not reimbursed Plaintiff for the medical expenses and living expenses he incurred following his disembarkation on June 30, 2018.

46.     Plaintiff was medically cleared by a cardiologist and rehired by CARNIVAL on or about September 2, 2018.

47.     On or about October 17, 2018, after being medically cleared and allowed to return to work aboard CARNIVAL's Vessel, Plaintiff reported to the medical center in acute distress, displaying signs of mitral valve regurgitation.  His symptoms included shortness of breath, fatigue, and a rapid heartbeat.

48.     CARNIVAL's shipboard medical records indicate that Plaintiff's Mitral Valve

Regurgitation was noted.

49.     Plaintiff's last contract with CARNIVAL ended on November 25, 2018.

50.     Rather than provide the maintenance and cure for Plaintiff's mitral valve replacement, CARNIVAL again disembarked the Plaintiff and told him to arrange and pay for his own surgery—in derogation of his medical needs and rights as a seafarer.

51.     Due to Plaintiffs HIV status, he was treated unfairly, and CARNIVAL unlawfully denied Plaintiff's "virtually automatic" maintenance and cure benefits because of his disability.

52.     Plaintiff paid for his own travel expenses back home and immediately sought medical care at a cardiac surgical facility for the mitral regurgitation and endocarditis that manifested on board.

53.     Plaintiff underwent a second open heart surgery on December 12, 2018 to have the pig valve removed from his heart and replaced with a mechanical prosthetic heart valve.

54.     CARNIVAL has never reimbursed Plaintiff for the medical expenses and living expenses he incurred following his disembarkation on November 25, 2018.

55.     CARNIVAL denied responsibility for Plaintiff's medical treatment in 2018 and 2019, based on his actual or perceived health status, even though the need for treatment arose during his employment with CARNIVAL.

56.     CARNIVAL terminated the Plaintiff on May 30, 2019.

**COUNT I: DISABILITY DISCRIMINATION – ADA**
**June 2018, October 2018, May 2019**

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifty-six (56) as though alleged originally herein.

57.     Plaintiff is a qualified individual with HIV and thus protected by the ADA.  42 U.S.C §§ 12101-12117.

58.     The ADA prohibits discrimination in all employment practices, including hiring and firing, wages, benefits, and leave.   This includes seafarers' employment benefits such as maintenance and cure.

59.     CARNIVAL denied Plaintiff's "virtually automatic" maintenance and cure benefits and refused to rehire him because of stigma and discrimination based on his HIV status.

60.     CARNIVAL knowingly and willfully discriminated against Plaintiff on the basis of his disability in violation of the ADA.

61.     CARNIVAL's unlawful and discriminatory denial of maintenance and cure benefits and termination of Plaintiff's employment on account of his disability violate the provisions of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

     **WHEREFORE**, Plaintiff demands judgment for all damages recoverable by law against CARNIVAL, including back pay, front pay, benefits, prejudgment interest, costs, reasonable attorneys' fees, and compensatory and liquidated damages, and demands a trial by jury.

## COUNT II: VIOLATION OF FMLA
### June 2018, October 2018, May 2019

     Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifty-six (56) as though alleged originally herein.

62.     CARNIVAL unlawfully and discriminatorily terminated Plaintiff's employment on account of his disability or disabilities; and said actions violate the provisions of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.*,

     **WHEREFORE**, Plaintiff demands judgment for all damages recoverable by law against CARNIVAL, including back pay, front pay, benefits, prejudgment interest, costs, reasonable attorneys' fees, special damages, and compensatory and liquidated damages, and demands a trial by jury.

### COUNT III: DISABILITY DISCRIMINATION – FCRA
### June 2018, October 2018, May 2019

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifty-six (56) as though alleged originally herein.

63.     CARNIVAL denied Plaintiff's "virtually automatic" maintenance and cure benefits and refused to rehire him because of stigma and discrimination based on his HIV status.

64.     CARNIVAL knowingly and willfully discriminated against Plaintiff on the basis of his disability in violation of the Florida Civil Rights Act, Fla. Stat. §§ 760 *et seq.*

65.     CARNIVAL's unlawful and discriminatory denial of maintenance and cure benefits and termination of Plaintiff's employment on account of his disability violate the provisions of the Florida Civil Rights Act, Fla. Stat. §§ 760 *et seq.*

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable by law against CARNIVAL, including back pay, front pay, benefits, prejudgment interest, costs, reasonable attorneys' fees, special damages, and compensatory and punitive damages, and demands a trial by jury.

### COUNT IV: JONES ACT NEGLIGENCE – FAILURE TO PROVIDE PROMPT, PROPER, AND ADEQUATE MEDICAL CARE
### June 2018, October 2018

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifty-six (56) as though alleged originally herein.

66.     At all material times, Plaintiff was an employee of CARNIVAL, a seafarer, and a member of the crew in the service of the Vessel on navigable waters.

67.     It was CARNIVAL's duty to provide Plaintiff with a reasonably safe place to work and to furnish prompt, proper, and adequate medical treatment after the Plaintiff became ill or

injured.

68.     A seafarer, like Plaintiff, is entitled to maintenance and cure (living expenses and medical care) until he reaches MMI.

69.     Plaintiff was in the service of CARNIVAL's Vessels when he became ill and the need for medical treatment manifested.

70.     Consequently, Plaintiff had a right to receive maintenance and cure until he reached MMI for his illness.

71.     As Plaintiff's employer, CARNIVAL is liable if it fails to pay maintenance and provide prompt, proper, and adequate cure.

72.     As Plaintiff's employer, CARNIVAL is liable for greater damages if its failure to provide maintenance and cure is unreasonable.

73.     As Plaintiff's employer, CARNIVAL is liable for punitive damages and reasonable attorneys' fees if its failure to provide maintenance and cure is willful, arbitrary, capricious, and in callous disregard of the seafarer's rights and medical needs.

74.     At all material times, Plaintiff's injuries are due to the fault and negligence of CARNIVAL and/or its agents, servants, and/or employees as follows:

   a. Failure to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the Plaintiff, while engaged in the course of his employment on the Vessel on which he served;

   b. Failure to use reasonable care to provide Plaintiff a reasonable safe place to work due to: 1)  Failure to have adequate medical personnel on board capable of correctly diagnose the risks Plaintiff faced when he first present to the ship's medical facility seeking care for his symptoms; 2) Failing to provide the Plaintiff adequate medical

10

care in a timely manner after he first developed his symptoms; 3) Failing to adequately diagnose the Plaintiff's condition when he first reported to the ship's medical facility and each time he returned to the ship's medical department seeking care for his conditions; and 4) Failing to adequately treat the Plaintiff after he was diagnosed with acute infective endocarditis and mitral valve regurgitation;

c. Failure to provide prompt, proper, and adequate medical care to the Plaintiff each time he sought medical attention for his conditions;

d. Failure to select and utilize competent, skilled and properly trained medical providers on board and shore side with adequate expertise to provide Plaintiff with prompt, proper and adequate medical care;

e. Failure to properly medically manage Plaintiff's medical care after Plaintiff became ill and instead pressuring the medical staff to disclaim responsibility for Plaintiff's medical care and disembark him to arrange and pay for his own treatment at home.

75.     At all material times, CARNIVAL failed to provide Plaintiff with prompt, proper, and adequate medical care for his illness.  In addition, CARNIVAL violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and/or to follow it on board the Vessel on which the Plaintiff served.  All of the above caused the Plaintiff to not receive adequate care for his illness.

76.     CARNIVAL's failure and refusal to provide prompt, proper, and adequate maintenance and cure to Plaintiff was willful, arbitrary, capricious, and in callous disregard of Plaintiff's medical needs and rights as a seafarer.

77.     As a direct and proximate result of CARNIVAL's negligent and intentional acts and omissions, the Plaintiff was injured about his body, suffered physical pain and suffering, mental

anguish, emotional distress, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, medical and hospitalization expenses, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of the injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired.  The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition Plaintiff in the past and in the future has lost the fringe benefits that come with the job, including but not limited to free food and lodging, free medical care, free uniforms, vacation, and free airline ticket home and back.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable by law against CARNIVAL, including compensatory damages and prejudgment interest, and demands a trial by jury.

## COUNT V: UNSEAWORTHINESS
### June 2018, October 2018, May 2019

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifty-six (56) as though alleged originally herein.

78.     On or about the above-referenced dates, Plaintiff was a seafarer and a member of the crew of CARNIVAL's Vessel on navigable waters.

79.     At all material times, the Vessel was owned, managed, operated and/or controlled by CARNIVAL.

80.     At all material times, CARNIVAL had the absolute, non-delegable duty to provide Plaintiff with a seaworthy Vessel.

81.     On or about the above-referenced dates, the unseaworthiness of CARNIVAL's Vessel was a legal cause of injury and damage to the Plaintiff by reason of the following:

   a. The Vessel was unfit for its intended purpose due to the conditions created by CARNIVAL as follows: 1) Failure to have adequate medical personnel on board capable of correctly diagnosing the risks Plaintiff faced when he first presented to the ship's medical facility seeking care for his symptoms; 2) Failing to provide the Plaintiff adequate medical care in a timely manner after he first developed his symptoms; 3) Failing to adequately diagnose the Plaintiff's condition when he first reported to the ship's medical facility and each time he returned to the ship's medical department seeking care for his conditions; and 4) Failing to adequately treat the Plaintiff after he was diagnosed with acute infective endocarditis and mitral valve regurgitation.

82.     As a result of the unseaworthiness of the Vessel, the Plaintiff was injured about his body, suffered physical pain and suffering, mental anguish, emotional distress, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, medical and hospitalization expenses, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of the injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired.  The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition Plaintiff in the past and in the future has lost the fringe benefits that come

with the job, including but not limited to free food and lodging, free medical care, free uniforms, vacation, and free airline ticket home and back.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable by law against CARNIVAL, including compensatory damages and prejudgment interest, and demands a trial by jury.

### COUNT VI: FAILURE TO PROVIDE MAINTENANCE AND CURE
### June 2018, October 2018

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifty-six (56) as though alleged originally herein.

83.     On or about the above-referenced dates, Plaintiff became ill and injured while in the service of CARNIVAL's Vessel as a crewmember.

84.     Under the General Maritime Law, Plaintiff, as a seafarer, is entitled to recover maintenance and cure from CARNIVAL until Plaintiff is declared to have reached MMI for the illness.  This includes unearned wages (regular wages, overtime, vacation pay and tips), which were reasonably anticipated to the end of the contract or voyage whichever is longer.

85.     Since the Plaintiff's medical sign off from the Vessel, CARNIVAL has refused to provide or pay Plaintiff's full earned wages, and reimburse him for medical and living expenses incurred while receiving heart surgery and medical care.

86.     At all material times, CARNIVAL willfully and callously delayed, failed and refused to provide Plaintiff's maintenance and willfully and callously delayed, failed and refused to provide the Plaintiff the level of cure that Plaintiff needed so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

87.     An MMI declaration must be unequivocal and if not any doubts or controversy, regarding whether or not the seafarer is at MMI must be resolved in favor of the seafarer.

14

88.     At all material times, CARNIVAL's failure to provide Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, in violation of the law, and in callous disregard for Plaintiff's medical needs and seafarer's rights.  As such, Plaintiff would be entitled to recover reasonable attorney's fees from CARNIVAL.

89.     Further, CARNIVAL unreasonably and callously failed to pay maintenance and provide cure which aggravated Plaintiff's condition and caused him to suffer additional compensatory damages including but not limited to the aggravation of his physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable by law against CARNIVAL, including compensatory damages, prejudgment interest, punitive damages, reasonable attorney's fees, and demands a trial by jury.

Dated June 22, 2021

*Respectfully Submitted*,

NOTARI LAW, P.A.
*Attorney for the Plaintiff*
1820 Southwest 14th Court
Fort Lauderdale, FL 33312
Tel.: (954) 257-9028
Fax:  (954) 253-1128

By:   /s/ *Adria G. Notari*
      **ADRIA G. NOTARI**
      Florida Bar No.: 87272
      anotari@NotariLaw.com